**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DENNIS,

        Plaintiff,

v.

LOVELY BRIDE, LLC,

        Defendant.

---

**CERTIFICATE OF SERVICE**

Case No. 19-cv-406-KAM-RER

## **CERTIFICATE OF SERVICE**

    The undersigned attorney, upon oath, hereby certifies that on April 25, 2019, she caused a copy of the foregoing document, **LETTER TO MAGISTRATE JUDGE REYES,** to be filed and served via the Court's ECF system and additionally sent by email upon counsel of record to Plaintiff's Counsel at Jshalom@jonathanshalomlaw.com.

Respectfully Submitted,

Wendy Heilbut
Jayaram Law, Inc.
142 W 57th St, 11th Fl
New York, NY 10019
646-596-1322
wendy@jayaramlaw.com



Jayaram

Lawyers for Innovators

April 25, 2019

The Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N20
Brooklyn, New York 11201

*Re:*   Request for Pre-Motion Conference – Defendant's Motion for Extension of Time

   *Dennis v. Lovely Bride, LLC*, Case No. 19-cv-406-KAM-RER[1]

Dear Hon. Judge Reyes,

The Defendant, Lovely Bride, LLC ("Lovely Bride"), requests a pre-motion conference pertaining to its anticipated Motion for Extension of Time to Answer or Otherwise Plead. Lovely Bride seeks an additional 30 days to file an answer or motion to dismiss. The factual and legal bases for this request are:

Factual Basis:
The Plaintiff, Derrick Dennis ("Mr. Dennis"), filed this putative class action on January 21, 2019. The case alleges Lovely Bride's website violates the Americans With Disabilities Act and New York state civil rights law. On January 25, 2019, Mr. Dennis issued a summons using a previous business address for Lovely Bride. Mr. Dennis attempted to serve Lovely Bride at the previous address via a process server and, when no one was present to accept service, the process server left the summons taped to the door. It is obvious that Lovely Bride was not located at that address any longer. Instead, Lovely Bride could – and should – have been served via the New York Secretary of State.

---

[1] This matter is currently set for initial conference on May 2, 2019, at 10:30 am before Your Honor.

tel. 312 212 8676
vivek@jayaramlaw.com
125 S Clark St, Suite 1175
Chicago IL 60603

jayaramlaw.com

tel. 646 596 1322
wendy@jayaramlaw.com
142 W 57th St, 11th Floor
New York, NY 10019

Nevertheless, on February 12, 2019, Mr. Dennis filed an executed affidavit of service, showing service at Lovely Bride's former address, with the Court. However, Lovely Bride did not learn of the present case until March, 2019, when its owner received unsolicited outreach from lawyers and vendors wishing to engage the company in defense against the present suit. Lovely Bride asked a lawyer handling an unrelated corporate matter to research these inbound marketing calls and only then learned that a lawsuit had been filed. Jayaram Law was engaged as litigation counsel last week.

Upon retention, the undersigned counsel filed an appearance for Lovely Bride on April 20, 2019. Lovely Bride now petitions this Court for an additional thirty (30) days to answer Mr. Dennis' Complaint or otherwise plead. This additional time will allow Lovely Bride to assemble necessary information and conduct the investigation needed to respond to the Complaint. This request is in good faith and not for delay, and the granting of this motion will not prejudice any party; it will merely allow Lovely Bride to adequately address the merits.

<u>Legal Basis</u>:
Federal Rule of Civil Procedure 6(b) governs the extension of time for filing a responsive pleading, and its application is within the discretion of the district court. *Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2d Cir. 1988) When a request is made under Rule 6(b), the moving party must show cause as to why the Court should grant the extension. *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984). Yet, an application for the extension of time under Rule 6(b)(1) is normally granted absent bad faith by the party seeking relief or prejudice to the adverse party. C. Wright, A. Miller, M. Kane, <u>Federal Practice and Procedure</u> § 1165 (2d ed. 1986). *See also Kernisant v. City of New York*, 225 F.R.D. 422, 431 (E.D.N.Y. 2005).

Because of a service attempt at its previous address, and despite any challenge to proper service, Lovely Bride has retained counsel who has appeared and now petitions the court to allow a reasonable time to respond to the Complaint. *Cf Nicosia v. United States*, No. 11-CV-5069(JS)(GRB), 2014 U.S. Dist. LEXIS 89600, at *7-8 (E.D.N.Y. July 1, 2014) (finding no good cause to grant extension when plaintiff's counsel waited five months to move for additional time and only after defendant moved for dismissal). Here, Mr. Dennis has not moved for default and will not be prejudiced if the Court grants Lovely Bride's Motion.

Lovely Bride has shown good cause in support of its request of an additional thirty (30) days to file its answer or responsive pleading.

Respectfully Submitted,

Wendy Heilbut
Jayaram Law, Inc.

tel. 312 212 8676
vivek@jayaramlaw.com
125 S Clark St, Suite 1175
Chicago IL 60603

jayaramlaw.com

tel. 646 596 1322
wendy@jayaramlaw.com
142 W 57th St, 11th Floor
New York, NY 10019